O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| In re AMERICAN EQUITY ANNUITY PRACTICES AND SALES LITIGATION | Master File No. CV-05-6735-CAS(MANx) |
| | CLASS ACTION |
| This Document Relates To: | FINDINGS AND ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, DIRECTING ISSUANCE OF NOTICE TO THE CLASS, AND SETTING OF FAIRNESS HEARING |
| ALL ACTIONS. | |

844901_1

The motion of Plaintiffs Bernard McCormack, Gary Anagnostis in his capacity as successor co-trustee of the Anagnostis Family Trust and as co-executor for the Estate of Gust Anagnostis, Robert Anagnostis in his capacity as successor co-trustee of the Anagnostis Family Trust and as co-executor for the Estate of Gust Anagnostis, Sharon Schipiour in her capacity as trustee of the Regina Bush Trust and executrix for the Estate of Mrs. Regina Bush, and the Estate of Lenice Mathews, by and through Executrix Mary Ann McLean and George Miller, individually and on behalf of the Class as defined in the Settlement Agreement (collectively, "Plaintiffs"), for preliminary approval of the proposed class action Settlement reached with Defendants American Equity Investment Life Insurance Company and American Equity Investment Service Company (collectively "American Equity") came on for hearing before this Court on _____, 2013.  Laura Geist, Esq. and Fletcher Alford, Esq. appeared as attorneys for American Equity, and Andrew Friedman, Esq. appeared as attorney for Plaintiffs.  After considering the Settlement Agreement, the moving papers, arguments of counsel and all other matters presented to the Court, the Court finds that:

1.    There are two operative complaints: *Bernard McCormack v. American Equity Inv. Life Ins. Co. et al.*, CV05-6735-CAS (MANx) (C.D. Cal.), filed on September 13, 2005, on behalf of himself and all persons in certain states; and *Gust Anagnostis et al. v. American Equity Inv. Life Ins. Co.*, CV06-388-CAS (MANx) (C.D. Cal.), filed on January 20, 2006, on behalf of a nationwide class of seniors (collectively, "the Action").  Plaintiffs allege violations of civil RICO, elder abuse, unlawful, deceptive and unfair business practices, unfair, deceptive and misleading advertising, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraud, fraudulent misrepresentation, negligent misrepresentation, fraudulent inducement, civil conspiracy, unjust enrichment, and imposition of a constructive trust.

- 1 -

844901_1

2.      American Equity expressly denies any and all wrongdoing alleged in the pleadings and Plaintiffs' other filings, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged against it in the Action. American Equity has agreed to the proposed Settlement to avoid further costs of litigation. American Equity believes the evidence is very clear that it does not unfairly target seniors, that its Annuities have no undisclosed loads, that it did not break any laws or any terms of its Annuities, and that its Annuities are appropriate products for many consumers. American Equity contends that Plaintiffs' allegations do not state a cause of action and are not sustainable as a matter of law. In addition, American Equity contends that Plaintiffs would be unable to prove the elements of the causes of action at trial, and that this would be fatal to both individual and class claims. In this regard, American Equity contends that it would be inappropriate to certify a litigation class in this matter, in part due to the manageability and superiority problems inherent in presenting the case in a trial involving thousands of individualized sales.

3.      The proposed Settlement resulted from numerous arm's-length mediation sessions and was concluded only after Plaintiffs and American Equity conducted their own investigations and evaluations of the factual and legal issues raised by Plaintiffs' claims, as well as American Equity's defenses.

4.      Plaintiffs and Class Counsel have agreed to settle the Action after considering such factors as: (a) the benefits to Plaintiffs and the Class provided by the Settlement Agreement; (b) the risks and uncertainty of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation, and (c) the desirability of consummating the Settlement Agreement in order to provide relief to Plaintiffs and the Class. American Equity considers it desirable for this Action to be settled and dismissed because the proposed Settlement will finally put Plaintiffs' claims and the underlying matters to rest. American Equity is also entering into this Settlement Agreement to avoid the expense, burden, inconvenience,

- 2 -

844901_1

1    and inherent risk of litigation and the concomitant disruption of its business
2    operations.

3         5.      The Parties have entered into a Settlement Agreement previously filed
4    with this Court.  All defined terms in this Order shall have the same meanings as in
5    the Settlement Agreement.

6         6.      The Court has reviewed the Settlement Agreement (and all the
7    attachments thereto) and determined the proposed Settlement to be fair, reasonable,
8    adequate and within the range of possible approval.  The proposed Settlement does not
9    improperly grant preferential treatment to the Class Representatives or any segment of
10   the Class.  The proposed Settlement is sufficient to warrant sending notice to the
11   Class.  The procedures for establishing and administering the benefits provided by the
12   proposed Settlement and for notice of the proposed Settlement, exclusion from the
13   proposed Settlement, and objections to the proposed Settlement are fair, reasonable,
14   and in the best interests of the Class.

15        7.      Based on Plaintiffs' motion, the Memorandum of Points and Authorities,
16   the Settlement Agreement, and all supporting exhibits and attachments, the Court
17   preliminarily certifies the Class, as defined in Paragraph 22(a), including the
18   Nationwide Class defined in Paragraph 41 and the California Class defined in
19   Paragraph 16 of the Settlement Agreement, pursuant to Rule 23(a) and 23(b)(3) for
20   settlement purposes ("the proposed Settlement Class").  The Court hereby finds for
21   settlement purposes that:

22             (a)    the numerosity requirement of Rule 23(a)(1) is satisfied because
23   the proposed Settlement Class comprised of more than _____ Owners of over _____
24   Annuities satisfies the requirement that a class be sufficiently numerous such that
25   joinder of all members is impractical;

26             (b)    the commonality requirement of Rule 23(a)(2) is satisfied, for
27   settlement purposes, because American Equity products owned by the various
28   proposed Settlement Class members have some similar elements;

- 3 -

844901_1

(c)      the typicality requirement of Rule 23(a)(3) is satisfied, for settlement purposes, because the products provided to Plaintiffs were similar to those provided to members of the proposed Settlement Class;

(d)      the adequacy requirement of Rule 23(a)(4) is satisfied, for settlement purposes, because: (i) Class Counsel are qualified and competent to prosecute the Action vigorously; (ii) Plaintiffs' interests are not antagonistic to the interests of the proposed Settlement Class; and (iii) Class Counsel and Plaintiffs have fairly and adequately protected the interests of the proposed Settlement Class; and

(e)      the predominance and superiority requirements of Rule 23(b)(3) are satisfied, for settlement purposes, because, if the proposed Settlement is approved, there will be no further litigation or trial and the proposed Settlement is structured in a manner that would provide uniform relief to similarly-situated members of the proposed Settlement Class, which is superior to litigation of the claims individually.

(f)      The above findings are made with respect to the Settlement only and do not necessarily reflect the Court's views as to the very different question of whether this action can or should be certified as a class for litigation purposes; nor do these findings in any way prejudice American Equity's right to oppose class certification should the proposed Settlement not be finally approved.

8.      The Court has reviewed the notice provisions of Section VIII of the Settlement Agreement, and the Class Notice Package, including the Class Notice and the Claim Form attached to the Settlement Agreement as Exhibits B and C.  The Court has determined that mailing the Class Notice Package to the last known addresses of the proposed Settlement Class:

(a)      constitutes the best practicable notice under the circumstances;

(b)      is reasonably calculated to apprise the members of the proposed Settlement Class of the pendency of the Action and of their right to object to or exclude themselves from the proposed Settlement;

- 4 -

844901_1

1         (c)    is reasonable and constitutes due, adequate, and sufficient notice to

2 all persons entitled to receive notice; and

3         (d)    meets all applicable requirements of Rule 23 of the Federal Rules

4 of Civil Procedure, the United States Constitution, and its Amendments.

5         Accordingly, it is hereby ORDERED AND DECREED AS FOLLOWS:

6         1.    The Motion for Preliminary Approval is GRANTED.  The Court

7 preliminarily approves the proposed Settlement.  All defined terms in the foregoing

8 findings and this Order shall have the same meanings as in the Settlement Agreement,

9 unless otherwise defined in this Order.

10         2.    The Nationwide Class, as defined in Paragraph 41 of the Settlement

11 Agreement, is preliminarily certified for settlement purposes only.

12         3.    The California Class, as defined in Paragraph 16 of the Settlement

13 Agreement, is preliminarily certified for settlement purposes only.

14         4.    The Court appoints the law firms of: (a) Bonnett, Fairbourn, Friedman &

15 Balint, P.C.; (b) Robbins Geller Rudman & Dowd LLP; (c) Barrack Rodos & Bacine;

16 (d) Finkelstein & Krinsk; (e) the Evans Law Firm; (f) James Hoyer Newcomer &

17 Smiljanich, P.A.; and (g) Hagens Berman Sobol Shapiro LLP as Class Counsel.  For

18 settlement purposes only, the Court appoints Bernard McCormack, Gary Anagnostis

19 in his capacity as successor co-trustee of the Anagnostis Family Trust and as co-

20 executor for the Estate of Gust Anagnostis, Robert Anagnostis in his capacity as

21 successor co-trustee of the Anagnostis Family Trust and as co-executor for the Estate

22 of Gust Anagnostis, Sharon Schipiour in her capacity as trustee of the Regina Bush

23 Trust and executrix for the Estate of Mrs. Regina Bush, and the Estate of Lenice

24 Mathews, by and through Executrix Mary Ann McLean and George Miller,

25 individually as the Class Representatives.

26

27

28

- 5 -

844901_1

5. A hearing (the "Fairness Hearing") will be held on **January 27, 2014** at **10:00 a.m.** before the undersigned in the United States District Court for the Central District of California, Western Division, to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

6. The Court approves the proposed Class Notice Package and the plan for giving notice.

7. American Equity and Class Counsel are authorized to:

(a) establish the means necessary to administer the proposed Settlement, in accordance with the terms of the Settlement Agreement; and

(b) retain an Administrator to help administer the proposed Settlement, including the notice provisions.

8. The Court appoints Garden City Group as the Administrator to implement the terms of the Settlement Agreement.

9. The Administrator shall mail the Class Notice Package to each member of the proposed Settlement Class by first-class mail, postage prepaid, to his or her last known address no later than 21 days after entry of this Order, as described in the Settlement Agreement.

10. The Administrator shall file proof of the mailing of the Class Notice Packages at or before the Fairness Hearing.

11. Class Counsel shall file their petition for approval of Class Counsel's fees and expenses no later than _____ days prior to the Fairness Hearing.

12. American Equity is prohibited from communicating with members of the proposed Settlement Class about the Action or the Settlement, but American Equity is not precluded from:

844901_1

1          (a)     speaking to members of the proposed Settlement Class in the
2   ordinary course of American Equity's business, provided that if such members ask
3   American Equity for information or advice regarding the Action or the Settlement,
4   American Equity shall direct such members to contact the Administrator or Class
5   Counsel; or

6          (b)     communicating with agents and employees of American Equity or
7   communicating with its auditors, rating agencies, insurance commissioners, regulators
8   or similar reporting organizations or governmental entities regarding the impact and/or
9   administration of the Settlement.

10         13.     Each member of the proposed Settlement Class who wishes to exclude
11  himself or herself from the proposed Settlement Class must submit an appropriate,
12  timely written request for exclusion, postmarked no later than 45 days after mailing of
13  the Class Notice Package and addressed to the Administrator at the address provided
14  in the Class Notice.

15         14.     Any member of the proposed Settlement Class who does not submit a
16  timely, written request for exclusion shall be bound by all proceedings, orders, and
17  judgments in the Action, even if such member has previously initiated or subsequently
18  initiates individual litigation or other proceedings against American Equity relating to
19  Annuities issued during the Class Period.

20         15.     Each member of the proposed Settlement Class who wishes to object to
21  the fairness, reasonableness, or adequacy of the Settlement Agreement, the proposed
22  Settlement, or to the award of attorney's fees and expenses, shall serve on Bonnett,
23  Fairbourn, Friedman & Balint, P.C. and American Equity Counsel, and file with the
24  Court, no later than 45 days after mailing of the Class Notice Package, a statement of
25  the objection, as well as the specific reasons, if any, for each objection, including any
26  legal support the proposed Settlement Class member wishes to bring to the Court's
27  attention and any evidence the member wishes to introduce in support of his or her
28  objection, or be forever barred from separately objecting.

844901_1

16.     Any attorney hired by a proposed Settlement Class member at the member's expense for the purpose of objecting to the Settlement Agreement, the proposed Settlement, or the award of attorney's fees and expenses, shall file with the Clerk of the Court and deliver to Bonnett, Fairbourn, Friedman & Balint, P.C., and American Equity Counsel a notice of appearance no later than 45 days after mailing of the Class Notice Package or as the Court otherwise may direct.

17.     Any proposed Settlement Class member who files and serves a written objection and who intends to make an appearance at the Fairness hearing, either in person or through personal counsel hired at the member's expense, shall deliver to Bonnett, Fairbourn, Friedman & Balint, P.C., and American Equity Counsel, and file with the Court no later than 45 days after mailing of the Class Notice Package a notice of intention to appear at the Fairness Hearing.

18.     The Administrator shall rent one or more post-office boxes to be used for receiving requests for exclusion, claim forms, and other communications from the proposed Settlement Class.

19.     American Equity Counsel and Class Counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that might come into their possession that are not otherwise provided by the Administrator.

20.     All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the proposed Settlement or to comply with the terms of the Settlement Agreement.  Further, pending the Court's final determination of whether the proposed Settlement will be approved, each and every member of the proposed Settlement Class who has not excluded himself or herself from the Settlement, the member's representatives, and/or all persons in active concert or participation with such members are barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, as class members or otherwise, any action, including without limitation a class action (including by seeking to amend a pending complaint to include class allegations or by

- 8 -

844901_1

1  seeking class certification in a pending action in any jurisdiction), in any federal court,

2  any state court, or any other tribunal or forum of any kind, and from receiving any

3  benefits from any lawsuit, administrative or regulatory proceeding or order in any

4  jurisdiction, arising out of, based on, or relating to the claims, causes of actions, facts,

5  and/or circumstances alleged in the Action and/or the Released Claims.

6      21.   This order shall become null and void, and shall be without prejudice to

7  the rights of the Parties, all of whom shall be restored to their respective positions

8  existing immediately before this Court entered this Order, if: (a) the proposed

9  Settlement is not finally approved by the Court, or does not become final, pursuant to

10  the terms of the Settlement Agreement; or (b) the Settlement is terminated in

11  accordance with the terms of the Settlement Agreement or does not become effective

12  as required by the terms of the Settlement Agreement for any other reason.  In such

13  event, the Settlement Agreement shall become null and void and be of no further force

14  and effect, and neither the Settlement Agreement nor this Order, shall be used or

15  referred to for any purpose whatsoever.

16      22.   In no event shall the Settlement Agreement, any of its provisions, or any

17  negotiations, statements, or proceedings relating to it be offered as, received as, used

18  as, or deemed to be evidence in the Action, any other action, or in any other

19  proceeding, except in a proceeding to enforce the Settlement Agreement.  Without

20  limiting the foregoing, neither the Settlement Agreement nor any related negotiations,

21  statements, or proceedings shall be offered as, used as, or deemed to be evidence or an

22  admission or concession by any person of, any matter, including but not limited to any

23  liability or wrongdoing on the part of American Equity or as evidence of the

24  appropriateness of certification of any class.

25      23.   The Court reserves the right to continue the Fairness Hearing without

26  further written notice to the proposed Settlement Class, but will notify counsel for the

27  Parties and any objectors or their counsel who have timely filed a notice of intention

28  to appear in these proceedings.  Unless the Court specifically orders otherwise, any

- 9 -

844901_1

1 | such continuance shall not be interpreted to expand or change any deadlines contained

2 | in this Order or the Settlement Agreement.

3 |

4 | **IT IS SO ORDERED**.

5 | DATED:  September 16, 2013 _____

6 | THE HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

- 10 -

844901_1