# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In re AMERICAN EQUITY ANNUITY PRACTICES AND SALES LITIGATION<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | Master File No.<br>CV-05-6735-CAS(MANx)<br><br><u>CLASS ACTION</u><br><br>FINAL JUDGMENT |

844899_2

1 WHEREAS, Plaintiffs and Defendants American Equity Investment Life Insurance Company and American Equity Investment Service Company (collectively "American Equity" or "Defendant/s") entered into a Settlement Agreement with exhibits (collectively, the "Settlement Agreement"), filed August 16, 2013, to settle this class action (the "Action") and capitalized terms in this Final Judgment have the same meaning as the same defined terms in the Settlement Agreement;

WHEREAS, the Court (Hon. Christina A. Snyder) entered an Order dated September 27, 2013 entitled "Amended Findings and Order Preliminarily Approving the Proposed Settlement of Class Action, Directing the Issuance of Notice of Settlement to the Class, and Scheduling a Fairness Hearing" ("Preliminary Approval Order") ordering individual notice to Class Members, scheduling a fairness hearing for January 27, 2014 (the "Fairness Hearing"), providing Class Members with an opportunity to object to the proposed Settlement and the opportunity to exclude themselves;

WHEREAS, on December 30, 2013, Plaintiffs filed their Motion for Final Approval of Class Action Settlement and supporting documents ("Final Approval Motion");

WHEREAS, on November 7, 2013, Plaintiffs filed their Motion for an Award of Attorneys' Fees and Expenses and for a Service Award to the Class Representatives and supporting documents (the "Fee and Expense Motion");

WHEREAS, after the parties filed supporting memoranda and other evidence, the Court held the Fairness Hearing on January 27, 2014 to determine whether to grant final approval to the proposed Settlement;

WHEREAS, on January 27, 2014, the Court held a hearing on the Fee and Expense Motion; and

WHEREAS, on January 27, 2014, the Court granted the Final Approval Motion, finding the Settlement Agreement fair, reasonable, and adequate and granted

- 1 -

844899_2

the Fee and Expense Motion, and on January 27, 2014, entered an order confirming such rulings ("Final Order"); now, therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. **Incorporation of Other Documents**. This Final Judgment incorporates and makes a part hereof:

    (a) the Settlement Agreement filed with this Court on August 16, 2013 and the exhibits referenced therein;

    (b) the findings of fact and conclusions of law entered on the record at the Fairness Hearing and the hearing of the Fee and Expense Motion on January 27, 2014; and

    (c) the findings of fact and conclusions of law contained in the Preliminary Approval Order and the Final Order.

2. **Jurisdiction**. The Court has personal jurisdiction over all Class Members (as defined in Paragraph 3 below) and has subject matter jurisdiction over this action, including, without limitation, jurisdiction to dismiss this action on the merits and with prejudice.

3. **Class**. As reflected in the Final Order, the Classes certified as part of this settlement are:(i) under Fed. R. Civ. P. 23(b)(3), a "Nationwide Class" consisting of any Trust or natural person who has not made a valid request for exclusion from the Nationwide Class and who is, as of the Eligibility Date, or who was at the time of the Annuity's termination prior to the Eligibility Date, an Owner, provided that American Equity's records show that one of the Owners as of the Eligibility Date is, or one of the Owners at the time of termination was, (1) a natural person who was age 65 or older on the Annuity's date of issue or (2) a Trust, a grantor of which was age 65 or older on the Annuity's date of issue, but excludes a Trust or person: (a) who is or was an Owner of an Annuity that has one or more of the following characteristics: (i) the Annuity was purchased prior to January 3, 2000 or after December 31, 2009, (ii) the Annuity was issued but not accepted or was returned to American Equity as part of the

- 2 -

844899_2

exercise of the free-look provision in the Annuity or was otherwise rescinded, (iii) the Annuity was surrendered without incurring any Surrender Charge, or (iv) the Annuity was Annuitized and the Annuity Payments have ceased; or (b) who signed a document that released American Equity from any further claims concerning the Annuity; or (c) whose rights and claims respecting the Annuity have been finally adjudicated in a court of law; or (d) who is or was a member of the Board of Directors, an officer, or employee of American Equity at any time during the Nationwide Class Period, as well as the affiliates, legal representatives, attorneys, successors, or assigns of American Equity; or (e) who is a judge, justice, or judicial official presiding over the Action or is with the staff or immediate family of such judge, justice or official; or (f) who is a person or entity hired to administer the terms of the Settlement; or (g) which is a corporation or legal entity other than a Trust or natural person; or (h) who is a member of the class certified in *Panter v. Tackett, et al.*, or *Strube v. American Equity*; or (i) who was a resident of the State of California at the time of the purchase of an Annuity; and (ii) under Fed. R. Civ. P. 23(b)(3), a "California Class" consisting of any Trust or natural person who has not made a valid request for exclusion from the California Class and who is, as of the Eligibility Date, or who was at the time of the Annuity's termination prior to the Eligibility Date an Owner, provided that American Equity's records show that one of the Owners as of the Eligibility Date is, or one of the Owners at the time of termination was (1) a natural person who, on the Annuity's date of issue, was a resident of California and age 60 or older or (2) a Trust, a grantor of which was a resident of California and age 60 or older on the Annuity's date of issue, but excludes a Trust or person: (a) who is or was an Owner of an Annuity that has any one or more of the following characteristics: (i) the Annuity was purchased prior to January 3, 2000 or after June 30, 2011, (ii) the Annuity was issued but not accepted or was returned to American Equity as part of the exercise of the free-look provision in the annuity or was otherwise rescinded, (iii) the Annuity was surrendered in full without incurring any Surrender Charge, or (iv) the Annuity was Annuitized

844899_2

and the Annuity Payments have ceased; or (b) who signed a document that released American Equity from any further claims concerning the Annuity; or (c) whose rights and claims respecting the Annuity have been finally adjudicated in a court of law; or (d) who is or was a member of the Board of Directors, an officer, or employee of American Equity at any time during the California Class Period, as well as the affiliates, legal representatives, attorneys, successors, or assigns of American Equity; or (e) who is a judge, justice, or judicial official presiding over the Action or is with the staff or immediate family of such judge, justice or official; or (f) who is a person or entity hired to administer the terms of the Settlement; or (g) which is a corporation or legal entity other than a Trust or natural person; or (h) who is a member of any of the classes certified in *Stephens v. American Equity, Panter v. Tackett, et al.*, *or Strube v. American Equity*.

4.  **Adequacy of Representation**.  As reflected in the Final Order, the law firms of Bonnett, Fairbourn, Friedman & Balint, P.C., Robbins Geller Rudman & Dowd LLP, and Hagens Berman Sobol Shapiro LLP ("Plaintiffs' Lead Counsel") and Plaintiffs Bernard McCormack and The Estate of Latrice Matthews, by Trustee Mary Ann MacLean ("Class Representatives") have fully and adequately represented the Class in the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Fed. R. Civ. P. 23.

5.  **Final Settlement Approval**.  As reflected in the Final Order, the Court has found that the distribution of the Class Notice constituted the best practicable notice to Class Members under the circumstances; that Class Notice was reasonably calculated, under the circumstances, to apprise Class Members of the terms of the Settlement Agreement, of the opportunity for Class Members to exclude themselves from the Settlement, of the procedure for doing so, of Class Members' rights to object to any aspect of the proposed Settlement and of their right to appear at the Fairness Hearing; and that the Class Notice was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice, and otherwise fully

satisfied the requirements of all applicable laws including the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), the United States Constitution (including the Due Process Clause), the California Constitution, and the Local Rules of the United States District Court for the Central District of California.  The Court also found that the terms and the provisions of the Settlement Agreement, including all exhibits, have been entered into in good faith and fully and finally approved them as fair, reasonable and adequate as to, and in the best interests of each of, the parties to this Action and the Class Members and in full compliance with all applicable laws including the requirements of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).  Additionally, the Court found that the Settlement is not the product of fraud, overreaching or collusion between the Parties.

6. **Attorneys' Fees and Expenses and Incentive Awards**. Within 15 days from entry of the Final Order, American Equity shall pay $7,750,000 in attorneys' fees and expenses ("Class Counsel Payment) to Plaintiffs' Lead Counsel.  In accordance with Section XII.B.2 of the Settlement Agreement, if as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee and expense award is overturned or lowered, or if the Settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the Settlement does not become final and binding upon the Class, then, each Class Counsel shall be jointly and severally liable for repaying to American Equity within five (5) business days from receiving notice from American Equity's Counsel or from a court of appropriate jurisdiction, the full amount of such Class Counsel Payment. Each such Plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing this provision of the Final Judgment.  American Equity shall not be responsible for any other attorney

- 5 -

844899_2

fees or costs incurred by or on behalf of the Class or any member thereof, other than the amount set forth in this paragraph.

7. Within 15 days after the Implementation Date, American Equity will pay to Plaintiffs Bernard McCormack and The Estate of Latrice Matthews, by Trustee Mary Ann MacLean an incentive award in the amount of $10,000 each, for total incentive awards of $20,000.

8. **Release**. The following Release, which is also set forth in Section XI of the Settlement Agreement, including the definition of "Released Claims," which is set forth in Section IX.A.2 of the Settlement, are expressly incorporated herein in all respects:

(a) As an essential term of this Settlement Agreement, Class Members on behalf of themselves and their respective heirs, executors, estates, administrators, successors, assigns, guardians, trustees, and representatives (the "Releasors") hereby release American Equity, its past, present and future parent companies, subsidiaries, affiliates, predecessors, successors, assigns, National Marketing Organizations, sales agents, and reinsurers, together with all of its and their present, former, and future officers, directors, shareholders, insurers, employees, attorneys, legal representatives, and agents and their predecessors, successors and assigns (the "Releasees"), from any and all past, present or future claims, complaints, causes of action, allegations of liability, damages, restitution, equitable, legal or other interest, or demands or rights, whether known or unknown, that concern, refer or relate to, or arise out of, in whole or in part, any facts, events or transactions that have occurred or were in existence at any time prior to the entry of the Final Judgment, arising from or in any way related to any of the Annuities, including the offering of advice in any manner related to the Annuities, or the design, marketing, solicitation, sale, appropriateness or administration of the Annuities, or any disclosures related to the Annuities, whether written or oral, including any advertising, as well as the crediting of interest to policy accounts, including, but not limited to, all claims that were asserted in the Action, or

- 6 -

844899_2

that could have been asserted against American Equity before any court, arbitration panel, or regulatory or administrative agency based on or related to facts alleged in any of the complaints filed in this Action, whether or not brought directly, indirectly, on a representative basis, or otherwise.

(b)     Releasors are hereby deemed to have expressly acknowledged the existence of principles of law, such as Section 1542 of the Civil Code of the State of California, which provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." Releasors are hereby deemed to have knowingly and voluntarily waived and relinquished the provisions of Section 1542 and all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction that may be applicable, regardless of the law applied to this Settlement Agreement.  Releasors are hereby deemed to agree and acknowledge that this is an essential term of the Settlement and this Judgment.

9.     **Permanent Injunction**.  All Class Members are hereby permanently barred and enjoined from:

(a)     filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing litigation as class members or otherwise, or from receiving any benefits from any lawsuit, administrative, or regulatory proceeding or order in any jurisdiction, based on, or relating to the claims or causes of actions or the facts alleged in the Action or the Released Claims;

(b)     filing, commencing, or prosecuting a lawsuit as a class action, a separate class,  an individual action, or a group action of any kind on behalf of Nationwide Class Members or California Class Members, arising out of, based on, or relating to the claims, causes of action, facts and/or circumstances that are alleged in, or could have been alleged in, the Action or the Released Claims; and

(c)     organizing or soliciting the participation of any Nationwide Class Member or California Class Member in a separate class or group for purposes of

1  pursuing a putative class action, or any claim or lawsuit, in any jurisdiction based on,
2  arising out of, or relating to the claims, causes of action and facts alleged in the Action
3  or the Released Claims.

4      10. **Enforcement of Settlement**.  Nothing in this Final Judgment shall
5  preclude any action to enforce the terms of the Settlement Agreement.

6      11. **No Admission of Liability**. Neither this Final Judgment, the Final Order,
7  nor the Settlement Agreement, nor any other document referred to herein or therein,
8  nor any action taken to carry out this Final Judgment, the Final Order or the
9  Settlement Agreement is, may be construed as, or may be used as an admission or
10 concession by or against American Equity of the validity of any claim or any actual or
11 potential fault, wrongdoing or liability whatsoever.  Entering into or carrying out the
12 Settlement Agreement, and any negotiations or proceedings relating to it, shall not in
13 any event be construed as, or deemed evidence of, an admission or concession as to
14 American Equity's denials or defenses, and shall not be offered or received in
15 evidence in any action or proceeding against any party hereto in any court,
16 administrative agency or other tribunal for any purpose whatsoever, except as
17 evidence of the Settlement or to enforce the provisions of this Final Judgment, the
18 Final Order or the Settlement Agreement; provided, however, that this Final
19 Judgment, the Final Order, and the Settlement Agreement may be filed in any action
20 against or by American Equity or Releasees to support a defense of *res judicata*,
21 collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction,
22 full faith and credit, or any other theory of claim preclusion, issue preclusion or
23 similar defense or counterclaim to the extent allowed by law.

24     12. **Future Litigation To Resolve Competing Claims to Benefits.** Nothing
25 in this Order, nor in the Settlement Agreement, shall be deemed to preclude Defendant
26 from instituting or pursuing any action or proceeding against any Class Member or
27 other person or entity, in any court of competent jurisdiction, including but not limited
28

844899_2

to an interpleader action, the purpose of which is to resolve competing claims to benefits due or allegedly due under the Settlement Agreement and/or any Annuity.

13. **Retention of Jurisdiction**. This Court expressly retains exclusive jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Judgment, and for any other necessary purpose, including, without limitation:

(a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement, Final Order, or this Final Judgment;

(b) entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

(c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

14. **Dismissal of Action**. The Action, including all individual and Class claims resolved in it, is hereby dismissed on the merits and with prejudice.

15. There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Judgment, and hereby decrees that, upon entry it be deemed a final judgment.

Dated: January 30, 2014

*Christina A. Snyder*

_____
THE HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

844899_2

- 9 -