UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | 2:05-cv-06735-CAS(MANx); c/w 2:06-cv-00388-CAS(MANx) | Date | June 3, 2014 |
|---|---|---|---|
| Title | IN RE: AMERICAN EQUITY ANNUITY PRACTICES AND SALES LITIGATION [RELATES TO: ALL ACTIONS] | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) MOTION FOR POSTING OF AN APPEAL BOND BY OBJECTOR HO VAN CAO (Dkt. #263, filed March 28, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 9, 2014, is vacated, and the matter is hereby taken under submission.

On January 29, 2014, the Court granted final approval of a class action settlement in this case over the objection of Ho Van Cao, who is proceeding pro se. Dkt. #251. The Court found that Cao lacked standing to object to the settlement due to his failure to file a claim during the claims process, as required by the settlement agreement in this matter, and due to his failure to file a timely objection. Dkt. #249; see also Reporter's Transcript for Proceedings on January 27, 2014. On February 27, 2014, Cao appealed this Court's order granting final approval. Dkt. #253. Plaintiffs moved, on March 28, 2014, for an order requiring Cao to post an appeal bond. Dkt. #263. Cao filed an opposition on April 23, 2014. Dkt. #268. No reply has been filed. Plaintiffs' motion is presently before the Court.

Under Federal Rule of Appellate Procedure 7, district courts have the discretion both to determine whether a bond is appropriate and if so, in what amount. Fleury v. Richemont N. Am., Inc., 2008 WL 4680033, at *6 (N.D. Cal. Oct. 21, 2008). "A district court may require an appellant to file a bond . . . in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. Such costs "necessarily include" those taxable pursuant to Federal Rule of Civil Procedure 39(e). In re Toyota Motor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:05-cv-06735-CAS(MANx); c/w 2:06-cv-00388-CAS(MANx) | Date | June 3, 2014 |
|---|---|---|---|
| Title | IN RE: AMERICAN EQUITY ANNUITY PRACTICES AND SALES LITIGATION [RELATES TO: ALL ACTIONS] | | |

Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litig., 2013 WL 5775118, at *2 (C.D. Cal. Oct. 21, 2013). The Ninth Circuit has emphasized that Rule 7 says "may" instead of "shall." Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950 (9th Cir. 2007). Some district courts have interpreted Ninth Circuit authority to create a three factor test for deciding whether a Rule 7 bond is proper: (1) the appellant's ability to post a bond; (2) the risk that the appellant will not pay costs if the appeal is unsuccessful; and (3) the likelihood that the appellant will lose his or her appeal and be subject to costs. Fleury, 2008 WL 4680033, at *7 (applying the reasoning of Azizian, 499 F.3d 950). A bond is meant to "protect an appellee against the risk of nonpayment by an unsuccessful appellant." Yingling v. Ebay, Inc., 2011 WL 2790181, at *1 (N.D. Cal. July 5, 2011).

     Here, the Court finds that an appeal bond is appropriate. Applying the three factors articulated in Fleury, the Court first notes that objector does not provide any evidence suggesting that he would be unable to pay the bond. Cf. Miletak v. Allstate Ins. Co., 2012 WL 3686785, at *2. (N.D. Cal. Aug. 27, 2012) ("With regard to the first factor—namely, the ability to pay an bond—Objector . . . has presented no evidence that she would be unable to pay an appeal bond. Thus, this factor weighs in favor of imposing an appeal bond."). The second factor—the likelihood of nonpayment—also weighs in favor of a bond because Cao has not provided any guarantee that he would pay any costs that might be assessed against him. See In re Initial Public Offerings Securities Litig., 728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010) (finding that a risk of non-payment existed because no objectors "offered to guarantee payment of costs that might be assessed against them"). Lastly, the Court finds that Cao is likely to be unsuccessful on the merits of his appeal, for substantially the same reasons stated in this Court's January 29, 2014 order. Dkt. #251. The Court therefore concludes that Cao should post an appeal bond pursuant to Fed. R. App. P. 7.

     Turning to the amount of the bond, plaintiffs request a bond of $20,000. According to plaintiffs, their recoverable costs under Federal Rule of Appellate Procedure 39, such as preparation and transmission of the appellate record, will "approach, if not exceed, the requested bond amount." The Court finds that this bond amount is excessive, and that $10,000 is a more accurate estimate of these costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:05-cv-06735-CAS(MANx); c/w 2:06-cv-00388-CAS(MANx) | Date | June 3, 2014 |
|---|---|---|---|
| Title | IN RE: AMERICAN EQUITY ANNUITY PRACTICES AND SALES LITIGATION [RELATES TO: ALL ACTIONS] | | |

Plaintiffs further argue that a $20,000 bond amount is appropriate because, in addition to the recoverable costs associated with preparation of the appellate record, plaintiffs will seek to recover additional relief from Cao on the grounds that his appeal is frivolous.  This argument is foreclosed by Azizian, in which the Ninth Circuit observed that "[a]llowing district courts to impose high Rule 7 bonds . . . where the appeal[] might be found frivolous risks 'impermissible enumber[ing]' appellants' right to appeal and 'effectively preempt[ing] the [Courts of Appeals'] prerogative' to make [their] own frivolousness determination."  499 F.3d at 961 (quoting In re Am. President Lines, 779 F.2d 714, 719 (D.C. Cir. 1985)).  Thus, the Court finds that the frivolity, or lack thereof, of plaintiff's appeal is not a relevant consideration for purposes of determining the amount of the bond.

In accordance with the foregoing, the Court hereby GRANTS plaintiffs' motion requesting an appeal bond pursuant to Fed. R. App. P. 7.  On or before **June 17, 2014**, objector Ho Van Cao shall either post a bond in the amount of $10,000, or face dismissal of his appeal.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |