UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Steven Jodlowski | Laura Geist |
| | Andrew Azarmi |

**Proceedings:** DEFENDANT AMERICAN EQUITY INVESTMENT'S MOTION TO ENFORCE JUDGMENT AND ENJOIN PRECLUDED ACTION (dkt. 275, filed January 7, 2016)

## I. INTRODUCTION

On January 29, 2014, the undersigned entered a final order approving a class settlement agreement in this action (the "McCormick class action"), in which American Equity Investment Life Insurance Company ("American Equity") is a defendant. Dkt. 251 ("Final Order"). On January 30, 2014, the Court entered Final Judgment, which includes a provision "permanently bar[ring] and enjoin[ing]" class members from filing or pursuing claims arising out of certain enumerated "Released Claims." Dkt. 252 ("Final Judgment"). An additional provision of the Final Judgment "[e]xpressly retains exclusive jurisdiction [in this Court] as to all matters relating to the . . . enforcement and interpretation of the Settlement Agreement and of th[e] Final Judgment," including the entry of additional orders as necessary to effectuate the judgment. See id.

On September 23, 2015, a first amended complaint was filed in the Los Angeles County Superior Court in a separate action entitled Mary Duffy Petersen, et al. v. Thomas Gatto, et al., No. BC 565847 (Cal. Super. Ct. Filed Dec. 5, 2014), which included American Equity as a defendant, along with defendants Thomas Gatto, individually; Thomas Gatto & Associates, LLC; Joseph Cina, individually; and Joseph Cina Financial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

Freedom Senior Funding Corp.[1] The plaintiffs in that action (the "Tubiolo action") are Mary Duffy Petersen and Maureen Duffy Lewis, as Trustees of the Peter T. Tubiolo Revocable Trust Dated 12-29-00; Mary Duffy Petersen, Maureen Duffy Lewis, Sheila Duffy Lehrman, and James Duffy, individually and as successors-in-interest, heirs, and personal representatives of Peter C. Tubiolo, deceased, and as beneficiaries of the Peter T. Tubiolo Revocable Trust Dated 12-29-00 (collectively, the "Tubiolo plaintiffs").[2]

---

[1] Defendant American Equity has attached the pleadings in the separate state court action to a declaration filed in support of the instant motion. See Dkt. 275-3, Ex. 2-3. The Court takes judicial notice of these documents, which are "generally known within the trial court's territorial jurisdiction" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b). The Court also notes that because all defendants in the state court action other than American Equity are California citizens (like the plaintiffs), complete diversity does not exist.

[2] On October 28, 2015, defendant American Equity removed the Tubiolo state court action to federal court, asserting federal jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1691, and, alternatively, pursuant to the federal Anti-Injunction Act, 28 U.S.C. § 2283. See Mary Duffy Petersen, et al. v. Thomas Gatto, et al., Case No. 2:15-cv-08443-CAS-PJW (C.D. Cal.), at Dkt. 1. The Tubiolo plaintiffs opposed American Equity's removal on the grounds that (1) neither the All Writs Act nor the Anti-Injunction Act confer jurisdiction on this court, and further that (2) neither act provides authority for removal of the state action in the first instance. See id. at Dkt. 14. For reasons set forth in the Court's order on the Tubiolo plaintiffs' motion to remand, Case No. CV-15-8443, entered on February 29, 2016, the Court remanded the Tubiolo action to the Los Angeles County Superior Court. See Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 34 (2002) (noting that "[28 U.S.C. section 1441] requires that a federal court have original jurisdiction over an action in order for it to be removed from a state court," and that "[t]he All Writs Act, alone or in combination with the existence of ancillary jurisdiction in a federal court [e.g., over enforcement of a settlement agreement], is not a substitute for that requirement.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

On January 7, 2016, American Equity filed the instant motion to enforce the McCormick Final Judgment and thereby enjoin the Tubiolo action, which American Equity contends is being pursued by members of the McCormick class who are expressly precluded from filing such a suit under the terms of the settlement release. Dkt. 275 ("Motion"). On January 22, 2016, the Tubiolo plaintiffs filed an opposition to American Equity's motion to enforce the McCormick judgment and enjoin the Tubiolo action. Dkt. 278 ("Opp'n"). On January 29, 2016, American Equity filed a reply. Dkt. 279 ("Reply").

The Court held oral argument on American Equity's motion on February 29, 2016. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

### A. The McCormick Class Action

#### 1. Allegations in the McCormick Class Action FAC

Two class action complaints were filed in the McCormick action on behalf of plaintiffs and all other similarly-situated seniors who purchased a certain class of American Equity deferred annuities.[3] Dkt. 252 at § 3. The operative First Amended Complaint in the case "challenged [d]efendants' deceptive and unethical scheme to fraudulently market, solicit, sell and issue deferred annuity policies to senior citizens through the use of 'living trust mills.'" McCormick FAC at ¶ 3. Specifically, plaintiffs alleged that defendants, including American Equity, would " 'bait' their elderly victims into buying living trusts by exploiting fears of outliving their assets, and then 'switch to a sale of a deferred annuity once they gain[ed] their trust and private financial information." Id.

---

[3] American Equity has attached the pleadings in the McCormick class action to a declaration filed in support of the instant motion. See Dkt. 279-1, Exs. 1 (McCormick Original Complaint, 2 (McCormick FAC). The Court takes judicial notice of these documents. See Fed. R. Civ. P. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

The McCormick class action FAC further alleged that defendants "pressure[d] seniors into consolidating their savings and other investments into deferred annuities that tie up their money for 10-20 years . . . and [thereby] create[d] complicated estate problems for their loved ones after their death." Id. American Equity purportedly furthered this scheme through the use of "unscrupulous" sales agents who used "fraudulent and deceptive sales tactics" to "induce trust" and convince seniors to "convert their savings and other investments" into deferred annuities. Id. at ¶¶ 5, 40. In doing so, American Equity allegedly "systematically misrepresent[ed], through its sales agents, that such annuities are appropriate investments for seniors, while downplaying the substantial drawbacks" of "purchasing a deferred annuity in later stages of life." Id. at ¶¶ 6, 52.

Accordingly, the class action FAC asserted claims under (1) California's elder abuse statute, Welfare and Institutions Code §§ 15600, et seq., (2) California's unfair competition law, Business and Professions Code §§ 17200, et seq., (3) California's false advertising law, Business and Professions Code §§ 17500, et seq., (4) the federal RICO statute, 19 U.S.C. § 1692(c)-(d); (5) fraudulent concealment, under Cal. Civ. Code § 1710, et seq.; as well as common law claims for (6) breach of fiduciary duty, (7) breach of the duty of good faith and fair dealing, and (8) unjust enrichment and imposition of constructive trust.

### 2.     Procedural History of the McCormick Class Action

On January 27, 2014, the Court held a hearing regarding a motion for final approval of settlement in the McCormick class action. Dkt. 249. Under a heading entitled, "What is this litigation about?", the class notice provided, in relevant part, as follows:

> Plaintiffs allege that American Equity targeted senior
> consumers and sold them deferred Annuities with undisclosed
> sales loads and illusory premium bonuses and crediting options
> . . . . Plaintiffs seek monetary relief arising out of Defendants'
> allegedly improper conduct in connection with the marketing
> and sale of its Annuities to senior citizens . . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

Dkt. 278-1 at p. 21 of 35. The notice also explained what claims were being released by the proposed class settlement:

> Unless you exclude yourself, you remain in the Class, and if the court approves the proposed Settlement, that means: (1) that you can't sue, continue to sue, or be part of any other lawsuit, arbitration or other legal proceeding against Defendants relating in any way to the Annuities at issue in this litigation; and (2) *that you release all claims for damages or other legal remedies — including any claims presently unknown to you — relating in any way to the Annuities at issue in this litigation, if they concern, relate to, or arise out of facts, events, or transactions that have occurred or are in existence at any time prior to the Final Order and Judgment* . . . Also, if you do not exclude yourself from the Settlement, all of the Court's orders will apply to and legally bind you, even if you had objected to the proposed Settlement.

Id. at p. 26 of 35 (emphasis added).

On January 29, 2014, through entry of a Final Order, this Court approved a class settlement in the McCormick class action. Dkt. 251 ("Final Order"). The class consisted of two subclasses, defined generally as: (1) the "nationwide class" consisting of all owners of the annuities from January 3, 2000, to December 31, 2009, who, at the date of issue, were either natural persons over the age of 65 or a trust with a grantor over the age of 65; and (2) the "California class" consisting of all owners of the annuities from January 3, 2000, to June 30, 2011, who, at the date of issue, were either natural persons over the age of 60 or a trust with a grantor over the age of 60. Id. at § 5(a)-(b).[4] The

---

[4] The California Class was defined, more specifically, as follows:

> A 'California Class' . . . consisting of any Trust or natural person who has not made a valid request for exclusion from the California Class and who is, as of the Eligibility Date, or who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

Final Order also included a comprehensive discussion of the Court's findings regarding the propriety of class treatment in the case, as well as the adequacy of the class notice and settlement terms. See, e.g., id. at §§ 7, 9, 11. The Final Order dismissed the McCormick class action on the merits and with prejudice. Id. at § 14.

On January 30, 2014, the Court entered Final Judgment. Dkt. 252 ("Final Judgment"). The Final Judgment incorporates the Final Order and also restates the definitions of the class and the released claims. See id. at §§ 1, 3, 8. In addition, a provision of the Final Judgment "permanently bar[s] and enjoin[s]" class members from filing or pursuing claims arising out of certain "Released Claims," id. at § 9, which are defined to include:

> [A]ny and all past, present or future claims, complaints, causes of action, allegations of liability, damages, restitution, equitable, legal or other interest, or demands or rights, whether known or unknown, that concern, refer or relate to, or arise out of, in whole or in part, any facts, events or transactions that have occurred or were in existence at any time prior to the entry of the Final Judgment, . . . *arising from or in any way related to any of the Annuities, including the offering of advice in any manner related to the Annuities, or the design, marketing, solicitation, sale, appropriateness or administration of the Annuities . . . .*

---

> was at the time of the annuity's termination prior to the Eligibility Date, an Owner, provided that American Equity's records show that one of the Owners as of the Eligibility Date is, or one of the Owners at the time of termination was, (1) a natural person who, on the Annuity's date of issue, was a resident of California and age 60 or older or (2) *a Trust, a grantor of which was a resident of California and age 60 or older on the annuity's date of issue . . . .*"

Final Order at § 5(b) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL 'O'

| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

Id. at § 8(a) (emphasis added). The release also includes a California Civil Code section 1542 waiver, thereby releasing any unknown claims related to the Released Claims. Id. at § 8(b) (citing Cal. Civ. Code § 1542 ("A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.")).

The Final Judgment also includes a section entitled "Retention of Jurisdiction" which provides, in relevant part, that this Court:

> [E]xpressly retains exclusive jurisdiction as to all matters relating to the . . . enforcement and interpretation of the Settlement Agreement and of this Final Judgment . . . [including] entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Judgment . . . [or] permanently enjoining Class Members from initiating or pursuing related proceedings . . . .

Id. at § 13.

On February 17, 2016, following an appeal by an individual objector (unrelated to the plaintiffs in the Tubiolo action), the Ninth Circuit Court of Appeals affirmed this Court's approval of the class settlement agreement and entry of final judgment. See McCormack v. Ho Van Cao, No. 14-55337, 2016 WL 640690, at *1 (9th Cir. Feb. 17, 2016).

### B. The Tubiolo FAC

The Tubiolo FAC, which defendant American Equity now seeks to enjoin, alleges the following facts:

On December 29, 2000, Peter C. Tubiolo ("Tubiolo" or "decedent") established a revocable inter vivos trust. Tubiolo FAC at ¶ 8. Defendant Thomas Gatto ("Gatto") and his LLC served as Tubiolo's financial advisor, managing Tubiolo's personal assets as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

well as those of the trust. Id. at ¶ 14. In or around 2007, Gatto convinced Tubiolo to take out a reverse mortgage on his home. Id. at ¶ 15. The following year, at Gatto's inducement and when Tubiolo was 86 years old, approximately $200,000 of the reverse mortgage proceeds were used to purchase a "Bonus Gold Equity Indexed Deferred Annuity" from defendant American Equity. Id. at ¶¶ 11, 16. According to the pleadings, Gatto and his LLC "were at all times acting as agents for American Equity." Id. at ¶ 16.

      The FAC further alleges that defendants "knew or should have known that [Tubiolo's] decision making was adversely affected by his advanced age, and that the circumstances surrounding the source of funds used for the annuities made the purchase highly suspect . . . ." Id. at ¶ 17. Specifically, defendants were aware that although the Trust owned the annuities, the beneficiary of the annuity was Tubiolo's "much younger maid, Mercedes Mejia." Id. at ¶ 17. Defendants also allegedly knew that Tubiolo had taken a reverse mortgage on his wholly-owned primary residence in order to fund the purchase of the annuities, which "should have served as a prominent red-flag that the purchase should not be approved or completed under the circumstances." Id. at ¶ 31. In addition, defendants "omitted the true facts regarding the suitability of the subject annuities for a 'super senior' " like Tubiolo. Id. at ¶ 36. Specifically, defendants, failed to advise Tubiolo and plaintiffs that mortgaging a wholly-owned property "in order to purchase largely illiquid financial instruments with a long-term horizon was grossly unsuitable." Id. On December 2, 2010, Tubiolo passed away. Id. at ¶ 4.

      Based upon the foregoing allegations, the Tubiolo FAC asserts statutory claims under (1) California's elder abuse statute, Welfare and Institutions Code §§ 15600, et seq. and (2) California's unfair competition law, Business and Professions Code §§ 17200, et seq., as well as common law claims for (3) breach of fiduciary duty, (4) negligence, (5) negligent misrepresentation, and (6) fraud.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

### III. LEGAL STANDARD

#### A. Enforcement of a Final Class Action Settlement Agreement and Order

##### 1. Jurisdiction to Enforce the Settlement Agreement

"[D]istrict courts have no inherent power to enforce settlement agreements entered into by parties litigating before them." Arata v. Nu Skin Int'l, Inc., 96 F.3d 1265, 1268 (9th Cir. 1996); see also Sandpiper Village Condo. Ass'n, Inc. v. Louisana-Pacific Corp., 428 F.3d 831, 841 (9th Cir. 2005) ("Even where subject matter jurisdiction is satisfied in the original [class] action, enforcement of a final settlement agreement and order [nonetheless] requires its own basis for jurisdiction before the federal court may interpret and apply its own judgment to the future conduct contemplated by the judgment.") (internal quotations omitted). "However, if the district court explicitly retains jurisdiction over [a] settlement agreement, or incorporates the terms of the agreement in its dismissal order (as is common in class action settlements), then 'a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.' " Arata, 96 F.3d at 1268 (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)).

##### 2. The All Writs Act and the Anti-Injunction Act

The All-Writs Act allows a district court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Thus, "a provision in [a] settlement agreement and order that expressly retains jurisdiction in the district court for the purpose of overseeing and enforcing the prior judgment[,] . . . in conjunction with the All Writs Act, empowers a district court to protect its judgment from a subsequent action that frustrates the purpose of the settlement agreement and order." Id. (finding that district court's "express retention of jurisdiction, coupled with the All Writs Act, gave the district court an adequate jurisdictional basis to entertain [defendant's] motion to protect the settlement agreement through an injunction"). But while a district court's powers under the All Writs Act "should be broadly construed," Securities and Exchange Comm'n v. G. C. George Securities, Inc., 637 F.2d 685, 688 (9th Cir. 1981) (internal quotation omitted),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

the court's power to enforce a settlement agreement pursuant to the All Writs Act is necessarily limited by the Anti–Injunction Act, Sandpiper, 428 F.3d at 842.

Under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court *except* [1] as expressly authorized by [an] Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283 (emphasis added). "The limitations expressed in the Anti–Injunction Act 'rest[ ] on the fundamental constitutional independence of the States and their courts.' " Sandpiper, 428 F.3d at 842 (quoting Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287(1970)). Accordingly, the exceptions to the Anti-Injunction Act "are narrow and are not to be enlarged by loose statutory construction." Smith v. Bayer Corp., 564 U.S. 299 (2011) (internal quotation omitted). Rather, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings [will] be resolved in favor of permitting the state courts to proceed," Atlantic Coast Line, 398 U.S. at 297, "which means [the Ninth Circuit] will uphold an injunction only on 'a strong and unequivocal showing' that such relief is necessary." Sandpiper, 428 F.3d at 842 (9th Cir. 2005) (quoting Bechtel Petroleum, Inc. v. Webster, 796 F.2d 252, 253-54 (9th Cir. 1986)).

IV.   DISCUSSION

Through the instant motion, defendant American Equity seeks to enjoin the plaintiffs in the Tubiolo action, who are members of the California Class in the McCormick class action, from continuing to pursue state law claims purportedly precluded by the release in the McCormick Final Judgment.[5] As explained in the

---

⁵ The Tubiolo plaintiffs do not dispute that they are class members in the McCormick class action. The Tubiolo FAC alleges that Mr. Tubiolo was the grantor of the Tubiolo Trust and that he was 86 years old when he purchased the Tubiolo Trust's annuity from American Equity in 2008. Tubiolo FAC at ¶ 11. Accordingly, the Tubiolo Trust appears to fall within the definition of the class of persons bound by the Final Judgment, which defines the affected class members to include, *inter alia*, any "Trust, a grantor of which was a resident of California and age 60 or older on the annuity's date of issue," so long as they purchased their annuity between January 3, 2000 and June 30,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

discussion below, the Court concludes that the Tubiolo plaintiffs' claims were released by the McCormick settlement and Final Judgment, and that the Court may appropriately enforce the Final Judgment and thereby enjoin continued litigation of the Tubiolo action against defendant American Equity.

### A. Motion to Enforce Final Judgment and Enjoin Continued Pursuit of the State Court Proceedings

American Equity, citing the All-Writs Act and this Court's Final Judgement in McCormick, moves the Court to permanently enjoin the Tubiolo state court action. Motion at 12. In doing so, American Equity cites the third exception to the Anti-Injunction Act, arguing that an injunction is warranted here in order to "protect or effectuate" the final judgment of this Court in the McCormick class action. Id. at 7. This exception to the Anti-Injunction Act, referred to as the "relitigation exception," was "designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147-48 (1988). In Sandpiper, the Ninth Circuit further explained as follows:

> [A]n "essential prerequisite . . . is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." Chick Kam Choo, 486 U.S. at 147-48. This "prerequisite is strict and narrow." Id. at 148. Accordingly, a subsequent action may be barred only when "it arises from the same 'transaction, or series of transactions' as the original action [and w]hether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." [Citation.]

Sandpiper, 428 F.3d at 847-48.

---

2011. Final Judgment at § 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

With the foregoing standards in mind, American Equity argues (1) that the plaintiffs in the Tubiolo action are members of the class in the McCormick class action, and therefore are bound by the terms of its settlement agreement, final judgment, and release; (2) that the Tubiolo plaintiffs are now bringing a state court action arising from the same annuities at issue in the McCormick class action; and (3) that the release of claims precludes continued pursuit of the Tubiolo state court action. Motion at 10-11. The Tubiolo plaintiffs do not appear to dispute that they are members of the class. Opp'n at 16. Instead, they argue that they are not precluded from asserting their claims because (1) the allegations in the state court action are factually and legally distinct from those in the McCormick FAC, and (2) the settlement agreement's release of claims is too broad to be enforced. Id. at 9.

### 1. The Release in the Final Judgment

This Court's Final Judgment in the class action incorporated the release of claims agreed upon in the settlement agreement. Final Judgment at § 8. The released claims are described, in pertinent part, as follows:

> . . . Class Members . . . hereby release American Equity . . . from any and all past, present or future claims, complaints, causes of action . . .whether known or unknown, that concern, refer or relate to, or arise out of, in whole or in party, and facts, events or transactions that have occurred or were in existence at any time prior to the entry of the Final Judgment, *arising from or in any way related to any of the Annuities, including the offering of advice in any manner related to the Annuities, or the design, marketing, solicitation, sale, appropriateness or administration of the Annuities* . . . .

Id. § 8(a) (emphasis added).

In assessing the preclusive effect of such a broad release, the Ninth Circuit has explained that "[a] settlement agreement may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the class action, [so long as] the released claim is based on *the identical*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

*factual predicate as that underlying the claims in the settled class action.*" Hesse v. Sprint Corp., 598 F.3d 581, 590 (9th Cir. 2010) (emphasis added); see also Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1287-89 (9th Cir. 1992) ("The weight of authority holds that a federal court may release not only those claims alleged in the complaint, but also a claim 'based on the identical factual predicate as that underlying the claims in the settled class action . . . .' " (quoting TBK Partners, Ltd. v. Western Union Corp., 675 F.2d 456, 460 (2d Cir. 1982)); c.f. Reyn's Pasta, 442 F.3d 741, 748 (9th Cir. 2006) ("A class settlement may also release factually related claims against parties not named as defendants . . . .").

The Tubiolo FAC is based upon the identical factual predicate as the McCormick class action. Specifically, the Tubiolo FAC alleges that a financial advisor and his LLC, "at all times acting as agents for American Equity," "omitted the true facts regarding the suitability of [American Equity's] annuities for a 'super senior' " who was 86 years old at the time of purchase. Tubiolo FAC at ¶¶ 16, 36. More specifically, the Tubiolo FAC alleges that defendants failed to advise Tubiolo (or his heirs) that mortgaging a wholly-owned property "in order to purchase largely illiquid financial instruments with a long-term horizon was grossly unsuitable." Id. at ¶ 31. Defendants allegedly "knew or should have known that [Tubiolo's] decision making was adversely affected by his advanced age, and that the circumstances surrounding the source of funds used for the annuities made the purchase highly suspect . . . ." Id. at ¶ 17.

In very similar language, the FAC in the McCormick class action alleged that American Equity's "unscrupulous" sales agents used "fraudulent and deceptive sales tactics" to "induce trust" and convince seniors to "convert their savings and other investments" into deferred annuities. McCormick FAC at ¶¶ 5, 40; see also id. at ¶ 3 (alleging that defendants "pressure[d] seniors into consolidating their savings and other other investments into deferred annuities that tie up their money for 10-20 years . . . and [thereby] create[d] complicated estate problems for their loved ones after their death."). In doing so, American Equity "systematically misrepresent[ed], though its sales agents, that such annuities are appropriate investments for seniors, while downplaying the substantial drawbacks" of "purchasing a deferred annuity in later stages of life." Id. at ¶¶ 6, 52. Accordingly, the gravamen of the class action was to "challenge[] [d]efendants' deceptive and unethical scheme to fraudulently market, solicit, sell and issue [a specific

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

subset of] deferred annuity policies to senior citizens" during a specific time period. Id. at ¶ 3.

    Unsurprisingly, both the McCormick class action and the Tubiolo FAC assert claims for (1) violation of California's elder abuse statute, Welfare and Institutions Code §§ 15600, et seq.; (2) violation of California's unfair competition law, Business and Professions Code §§ 17200, et seq., (3) breach of fiduciary duty, (4) and either fraud or fraudulent concealment. While each action also asserts additional claims, the Ninth Circuit has held that federal district courts may properly release claims not alleged in the underlying complaint "where those claims depended on the same set of facts as the claims that gave rise to the settlement."[6] Hesse, 598 F.3d at 590; See, e.g., Reyn's Pasta, 442 F.3d at 749 (9th Cir. 2006) (affirming dismissal of a class action against credit card companies predicated on the same price-fixing predicate and underlying injury as claims settled in an earlier class action, even though the subsequent suit "posit[ed] a different theory of anti-competitive conduct"); Class Plaintiffs, 955 F.2d at 1286–91 (affirming approval of a settlement relating to certain bond defaults that released claims by an identical class of plaintiffs in a pending case that related to the same bond defaults); Howard v. America Online, Inc., 208 F.3d 741, 746-47 (9th Cir. 2000) (settlement of class action raising state-law claims for unfair billing practices released RICO claims based on the same practices). Here, because the McCormick class action was predicated on the harm that senior citizens suffered from American Equity's allegedly fraudulent marketing and sale of the very same class of annuities whose fraudulent marketing and sale the Tubiolo plaintiffs challenge in their FAC, the Court finds that the class action release "extinguishes [p]laintiffs' claims." Reyn's Pasta, 442 F.3d at 750 (finding claims to be extinguished because they "arise from the same factual predicate and span the same time period").

---

    [6] Specifically, the McCormick FAC also asserted claims for (1) violation of California's false advertising law, Business and Professions Code §§ 17500, et seq., (2) violation of the federal RICO statute, 19 U.S.C. § 1692(c)-(d); (3) breach of the duty of good faith and fair dealing; and (4) unjust enrichment and imposition of constructive trust. The Tubiolo FAC asserts claims for (1) negligence and (2) negligent misrepresentation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

The Tubiolo plaintiffs resist this conclusion, arguing that the class release cannot constitutionally be construed as releasing the claims in the Tubiolo FAC. First, the Tubiolo plaintiffs contend that a class settlement "cannot rest on a release which, like a black hole, sucks in every potential claim against the defendant." Opp'n at 17. Plaintiffs argue that "[s]uch a release is *per se* improper in purporting to release claims not 'based on the identical factual predicate as that underlying the claims in the settled class action.'" Opp'n at 17 (citing Hesse, 598 F.3d at 590). Plaintiffs' argument fails, however, as it misconstrues the scope of the McCormick release, which is far more limited that plaintiffs suggest. Far from covering "every potential claim against the defendant," the release "permanently bar[s] and enjoin[s]" class members from filing or pursuing claims "arising from or in any way related to any of the [specific] Annuities [at issue in the class action], including the offering of advice in any manner related to the [subject] Annuities, or the design, marketing, solicitation, sale, appropriateness or administration of the [subject] Annuities . . . ." Final Judgment at §§ 8(a), 9. Furthermore, while it is true that a release's "bare assertion that a party will not be liable for a broad swath of potential claims does not necessarily make it so," Hesse, 598 F.3d at 590, the Court has found, as explained *supra*, that the allegations in the Tubiolo FAC were "extinguished by the [McCormick] settlement" precisely because they are based upon the same factual predicate as that underlying the settled class claims. Reyn's Pasta, 442 F.3d at 749 (noting that a class action settlement release "encompasses [p]laintiffs' claims if they arise from an identical factual predicate as the claims asserted by the . . . class.").

Second, the Tubiolo plaintiffs argue that the class settlement cannot "constitutionally compromise plaintiffs' breach of fiduciary duty, fraud and negligence claims," which were not adequately represented in the class action "since the class representatives had no comparable claims" and were "injured only by certain technical terms which diminished the value or performance of the annuities." Opp'n at 15-16. In the Tubiolo plaintiffs' view, the class action involved "very limited disclosure issues," and thus "[t]here could be no adequate representation with respect to [the Tubiolo] plaintiffs' interest in claims based on actual fraud or schemes involving complex reverse mortgage schemes or undue influence." Id. at 16. Again, the Tubiolo plaintiffs misconstrue both the applicable law and the scope of the McCormick class action. As explained *supra*, both the allegations and the claims in the class action closely mirrored those in the Tubiolo FAC. Crucially, the Court may "release not only those [specific]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

claims alleged in the [class] complaint, but also [those] claim[s] 'based on the identical factual predicate as that underlying the claims in the settled class action . . . .' " Class Plaintiffs, 955 F.2d at 1287-89 (citation omitted).

    Third, plaintiffs contend that they did not receive adequate notice that the claims they assert in Tubiolo would be barred. However, the class notice stated, *inter alia*, that the class settlement would release "all claims . . . *relating in any way to the Annuities* at issue in this litigation, if they concern, relate to, or arise out of facts, events, or transactions that have occurred or are in existence at any time prior to the Final Order and Judgment." Dkt. 278-1 at p. 26 of 35 (emphasis added). This Notice was sufficiently broad to put plaintiffs on notice that their claims would be barred.

    Finally, the Tubiolo plaintiffs contend that even if the court has jurisdiction to enjoin the state court action pursuant to the Anti-Injunction Act's relitigation exception, it need not do so where, as here, the state court may also consider the settlement release and invoke the doctrines of res judicata and collateral estoppel, if applicable. See Opp'n at 12-15. While this may be true, the very purpose of the relitigation exception is to "empower[] a federal court to be the final arbiter of the res judicata effects of its own judgments because it allows a litigant to seek an injunction from the federal court rather than arguing the res judicata defense in the state court." Juris v. Inamed Corp., 685 F.3d 1294, 1340 (11th Cir. 2012) (citation omitted); see also Wesch v. Folsom, 6 F.3d 1465, 1471 (11th Cir. 1993) ("[The relitigation exception] is essentially a res judicata concept designed to prevent issues that have already been tried in federal court from being relitigated in state court."). Here, the Court finds that the Tubiolo plaintiffs, who are members of the McCormick class and bound by its settlement release, are appropriately enjoined from pursuing the Tubiolo action.

## V.   CONCLUSION

    In accordance with the foregoing, defendant American Equity's motion to enforce the final judgment in the McCormick class action is hereby **GRANTED**. Accordingly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:05-cv-06735-CAS(MANx) | Date | February 29, 2016 |
|---|---|---|---|
| Title | BERNARD MCCORMICK V. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, ET AL. | | |

further prosecution of the Tubiolo action—*i.e.*, Mary Duffy Petersen, et al. v. Thomas Gatto, et al., No. BC 565847 (Cal. Super. Ct. Filed Dec. 5, 2014)—is hereby **ENJOINED**.

IT IS SO ORDERED.

|  |  | 00 | : | 08 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |